UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CITIZENS BANKING CORP.,

       Plaintiff,                          Case No. 07-10985

v                                         HONORABLE ARTHUR J. TARNOW
                                           UNITED STATES DISTRICT JUDGE
CITIZENS FIRST BANCORP, INC., *et al.*,

                                          DONALD A. SCHEER
       Defendants.                     MAGISTRATE JUDGE

_____/


## ORDER DENYING DEFENDANTS' EMERGENCY MOTION FOR STAY PENDING APPEAL [DE 45]

Defendants Citizens First request that the Court stay its December 3, 2007, grant of preliminary injunction, pending their appeal of that ruling to the Sixth Circuit. To evaluate this Motion, the Court must consider the same factors that apply to any injunctive relief. Those factors are

> (1) whether the defendant has a strong or substantial likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested parties; and (4) where the public interest lies.

*Baker v. Adams County/Ohio Valley School Bd.*, 310 F.3d 927, 928 (6th Cir. 2002) (citations omitted). Further, to justify a stay, "the defendant must demonstrate at least serious questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted." *Id*.

Defendants' "serious question" as to the merits of the Court's ruling is that because Plaintiff's mark was weak, the Court erred in relying on its evidence of actual confusion. Defendants argue that the number of actual confusion reports is "statistically irrelevant," and should have been disregarded by the Court.

Even if the Court does so, the remainder of its analysis supports the grant of the preliminary injunction. The December 3, 2007 order applied the *Frisch* factors used in this circuit to evaluate the likelihood of confusion in trademark cases. Those factors are

> (1) strength of the plaintiff's mark, (2) relatedness of the goods or services, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels

used, (6) likely degree of purchaser care, (7) the defendant's intent in selecting its mark, and (8) likelihood of expansion of the product lines.

*General Motors Corp. v. Lanard Toys, Inc.*, 468 F.3d 405, 412 (6th Cir. 2006) (citations omitted), *cert. denied* 128 S.Ct. 356 (2007).

The Court's analysis determined that four factors, including similarity of the marks and evidence of confusion, favored Plaintiff. Only one, the weakness of the mark, favored Defendants.

Even if the reports of actual confusion are omitted from consideration, the evidence of confusion factor still favors Plaintiff, as it is additionally supported by survey evidence. Therefore, discounting Plaintiff's reports of actual confusion does not alter the Court's conclusion. Accordingly, Defendants have failed to demonstrate "serious questions" which would support finding a "strong or substantial likelihood" of prevailing on appeal.

In addition, Defendants have failed to demonstrate that irreparable harm would result from permitting the injunction to take effect. Such harm must "decidedly outweigh" the harm that would result if the stay is granted. *Baker*, 310 F.3d at 928.

This Court determined that Plaintiff had established a likelihood of confusion. Irreparable injury may then be presumed when the likelihood of confusion is established. *Wynn Oil Co. v. American Way Service Corp.*, 943 F.2d 595, 608 (6th Cir. 1991).

Defendants have failed to rebut that presumption. Nor have they explained how the possibility they "could suffer irreparable harm to [their] relationship with their bank customers in Oakland County" decidedly outweighs Plaintiff's injury from the apparent consumer confusion. Therefore,

IT IS HEREBY ORDERED that Defendants' Emergency Motion to Stay Pending Appeal [DE 45] is DENIED.

SO ORDERED.

s/Arthur J. Tarnow
UNITED STATES DISTRICT JUDGE

Dated: January 4, 2008

**Proof of Service**

The undersigned certifies that a copy of the foregoing Order was served on the attorneys of record herein by electronic means or U.S. Mail on **January 4, 2008**.

s/Kim Grimes
Acting in the absence of
Theresa Taylor, Case Manager